An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
WELLS FARGO BANK, N.A., A NATIONAL ASSOCIATION,
Respondent.

No. 63814

FILED

NOV 0 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER VACATING, REVERSING, AND REMANDING*

This is an appeal from orders denying a preliminary injunction and granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

The district court denied SFR Investments' motion for a preliminary injunction and subsequently granted Wells Fargo's motion to dismiss, finding that SFR Investments had failed to state a viable claim for relief because NRS 116.3116(2)'s superpriority provision "is not applicable when the HOA foreclosed it[s] lien under N.R.S. 116.31162-116.31168, the non-judicial foreclosure statutes" and "the first security interest Deed was not extinguished by the foreclosure sale conducted by the HOA." This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's preliminary injunction and dismissal decisions thus were based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

SUPREME COURT
OF
NEVADA

(O) 1947A

14-36347

VACATE the order denying preliminary injunctive relief, REVERSE the order granting the motion to dismiss, AND REMAND this matter for proceedings consistent with this order.

_____Pickering_____, J.
Pickering

_____Saitta_____, J.
Saitta

PARRAGUIRRE, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____Parraguirre_____, J.
Parraguirre

cc:  Hon. David B. Barker, District Judge
      David A. Rosenberg
      Howard Kim & Associates
      Wright, Finlay & Zak, LLP/Las Vegas
      Eighth District Court Clerk